THE UNION PACIFIC RAILROAD COMPANY v. ELARANDA
A. J. BROWN.

No. 14,477.     (84 Pac. 1026.)

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Question of Law or Fact.* When the facts upon which a question of negligence depends are in dispute, the question is one to be answered by the jury under proper instructions; but where the facts are not in dispute, and only one inference or deduction is to be drawn from them, they present a question of law for the court. (*Dewald v. K. C. Ft. S. & G. Rld. Co.*, 44 Kan. 586, 24 Pac. 1101.)

2. RAILROADS—*Opening Vestibule before Station is Reached.* When a passenger-train of vestibuled coaches is approaching a station where passengers are to leave the train, and after the brakemen have called the name of the station to passengers who may desire to alight, it is not negligence for the trainmen to open the side door and the floor door of a vestibule and leave them while open till the station is reached.

Error from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed March 10, 1906. Reversed.

STATEMENT.

THIS action was brought by the defendant in error against the plaintiff in error to recover damages for the negligence of the railroad company and its employees, resulting in the death of her husband, J. W. Brown. A trial was had to a jury, and they returned a verdict in favor of the plaintiff for $1000. Each party filed motions for a new trial, both of which were denied, and judgment in accordance with the verdict was rendered against the company. It brings the case here for review.

*N. H. Loomis, R. W. Blair,* and *H. A. Scandrett,* for plaintiff in error.

*Edward C. Little,* for defendant in error; *S. S. Smith,* of counsel.

The opinion of the court was delivered by

SMITH, J.: The husband of the plaintiff, who lived at Abilene, was returning from Kansas City to his home in a train of vestibuled coaches on the Union Pacific railroad. Within a short distance of the station at Abilene the whistle was sounded, and a brakeman went through the smoking-car, at least, and called the name of the station. A witness who had been asleep in the smoking-car was awakened by the whistle, or by the call of the brakeman, and arose, put on his overcoat and went to the rear end of that car, and, looking through the glass in the door of the car, saw the deceased standing within the vestibule of the smoking-car, and also saw that the side and floor doors of the vestibule on the same side of the train as the Abilene station were open. The vestibule was light, and the deceased could have seen, if he had looked, that it was open. The witness looked in another direction—perhaps in search of a drink of water—for a short time, and when he again looked into the vestibule the deceased was gone. Soon after the train had passed the

deceased was found with his legs lying across the north rail of the track, cut off, and he was otherwise mangled. He died in a few hours. This is all that the evidence shows as to the cause of the accident. It is not shown who opened the vestibule, nor is it shown whether the deceased was walking in his sleep or was awake and alert—whether he walked off the train or fell off. All is conjecture.

The burden of showing negligence is generally upon the plaintiff who asserts it as his ground of recovery, but where there are no witnesses to a death which occurs to a passenger of a common carrier for hire, and circumstances are proved sufficient to justify the conclusion that the cause of the death was wrongful, the jury may infer ordinary care and caution on the part of the injured person from the love of life and the instinct of self-preservation.

Is there, then, enough evidence in this case to justify the inference that the death was caused or contributed to by any wrongful act on the part of the trainmen? All that they did and all the movements of the train were susceptible of proof. It is the movements and the cause of the movements of the deceased which are conjectural. The only witness whose knowledge of the circumstances is at all intimately connected with the accident is Sheriff Baker, who stood upon the floor of the car with only a glass door between him and the floor of the vestibule where the deceased stood; and, as his attention was almost immediately called to the disappearance of the deceased, he could not have failed to remember any sudden lurching, sudden stopping or starting of the car which would have accounted for the (to him) mysterious disappearance of the deceased. An illegally high rate of speed is one of the grounds upon which negligence is sought to be imputed to the railroad company, and there is evidence that the train, at the time of the accident, was moving twelve to fifteen miles per hour, while the ordinance of the city prohibited a greater speed than ten miles per hour

within the city limits. There is no evidence, however, that this was a contributing cause of the accident. Inferentially the evidence of Baker is to the contrary.

The plaintiff produced all the evidence relating to negligence that was produced, and there is no conflict as to any fact. Where there is a conflict of evidence and the facts are in dispute, whether there was negligence is a question of fact for the jury under proper instructions; but where the facts are undisputed, and only one inference is to be drawn from them, the question of negligence is one of law for the court. (*Dewald v. K. C. Ft. S. & G. Rld. Co.*, 44 Kan. 586, 24 Pac. 1101.)

Since no fault in the running or management of the train is shown to have caused or contributed to the accident, there remains only to consider whether or not the opening of the vestibule or leaving it open constituted negligence on the part of the trainmen. In the absence of evidence as to when and by whom the vestibule was opened we assume that it was opened by one of the trainmen whose duty it was to open it at the proper time to enable passengers to enter or leave the train at the station. Whether it was open for a considerable length of time before the witness Baker saw it after he had been aroused from sleep by the station call, and had put on his overcoat and gone to the rear door of the smoker, is immaterial in this case. It had neither caused nor contributed to any injury prior to that time. We will then assume that it had been opened just prior to the time Mr. Baker saw it open and after the brakeman, by calling the station, had notified the passengers desiring to leave the train at Abilene to be prepared so to do.

As a question of law, does it endanger the safety of the passengers, and *per se* constitute negligence, to open the vestibule at such time? On the other hand, is it not the only orderly and proper way to conduct the business for the safety and convenience of the passengers?

It is in evidence in this case, and is a matter of general knowledge, that, on fast trains especially, when they hear their station called, passengers who "don't forget their packages" get their belongings and go into the vestibule prepared to alight immediately upon the stopping of the train. It is also generally known that incoming passengers are detained until the outgoing have alighted. If the vestibule must be kept closed until the train comes to a full stop it would often be difficult to open it at all. It would discommode passengers and delay trains. Passengers at such times enter a vestibule expecting to see the exit open, and if they find it closed immediately seek another.

That a passenger may fall from an exit opened for his accommodation, as possibly the deceased did in this case, is no argument against the timely opening. There is danger in every step of life, from the first toddling effort of the infant to the last of the octogenarian; danger in standing, danger in sitting, danger in lying, danger in eating, danger in fasting, danger in sleeping, danger in waking. There is no moment of life, active or inactive, on land or on sea, when danger is not near. It is omnipresent. When we consider how easily we fall, what trifling incidents, what invisible microbes end our lives, it is a wonder we ever take the first step; it is a miracle that we attain three score and ten years, not to mention one hundred.

Since danger can in no way and nowhere be absolutely avoided, it would be unreasonable to impose upon a common carrier the discontinuance of a practice or mulct it in damages for the doing of an act which accommodates and, by saving them time, lengthens the lives of thousands because in one instance it may have contributed to the shortening of the life of one. It is necessary to the efficient and orderly conduct of the business of carrying passengers in vestibuled railway-coaches, and necessary for the convenience and accommodation of the passengers, that the vestibules be opened before the stopping of trains at

stations; and, as the practice does not expose the passengers to any considerable danger, the opening of a vestibule at any time after the usual call for a station is not, under ordinary circumstances, and was not in this case, *per se* negligence.

The judgment of the district court is reversed, and the case is remanded.

All the Justices concurring.